**In re KING.**

No. 7472.

Circuit Court of Appeals, Fifth Circuit.

Oct. 6, 1934.

**JAGELS v. COMMISSIONER OF INTERNAL REVENUE.**

No. 5285.

Circuit Court of Appeals, Third Circuit.

July 26, 1934.

Rehearing Denied Sept. 26, 1934.

Raphael M. O'Hara, of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and M. H. Eustace and Sewall Key, Sp. Assts. to the Atty. Gen., both of Washington, D. C., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner, a coal merchant, was the president and a director and stockholder of the Second National Bank of Hoboken. The bank had invested $63,000 in six promissory notes. In 1919 a bank examiner criticized this investment because, in his opinion, the notes were not readily collectable. In order to avoid further criticism, the petitioner, jointly with other directors, borrowed $75,000 from the Irving National Bank and purchased the notes. In December, 1922, about $50,000 had been collected on the six notes. The debt upon the loan made by the Irving National Bank was then repaid. The sum contributed by the petitioner for this purpose was $31,209.97. He claimed this amount as a deductible loss from his 1922 gross income, under authority of section 214 (a) (5) and (7) of the Revenue Act of 1921 (42 Stat. 239, 240), which provides:

"(a) That in computing net income there shall be allowed as deductions: * * *

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business. * * *

"(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

The Commissioner disallowed the deduction and determined a deficiency. Upon appeal, the Board of Tax Appeals sustained that determination.

As to the petitioner's claim under section 214 (a) (5), the Board found that there was no testimony to show that his purpose in entering into the transaction was to derive a profit, but that, on the contrary, his manifest purpose was to safeguard the investors in the bank of which he was president and a director, and to maintain the credit of the bank.

As to the petitioner's claim under section 214 (a) (7), the Board found that, while there was some testimony tending to show that the notes purchased were worthless in part, there was no proof from which the extent of the worthlessness could be ascertained.

The Board held that the petitioner had the burden of proving that the transactions came within the provisions of either of these sections, and that he had failed to meet this burden. The petitioner has not pointed to any evidence, and we find none, which convinces us that the Board erred.

The petition for review is dismissed, and the decision of the Board of Tax Appeals is sustained.